RUBENS *et al. v.* DRAKE *et al.*

(*Supreme Court, General Term, First Department.* November 23, 1888.)

ASSIGNMENT FOR THE BENEFIT OF CREDITORS—PREFERENCES—DISTRIBUTION.

A firm, in its assignment for benefit of creditors, preferred D. for all moneys due or to become due to him from it, and also preferred appellant for the amount due or to become due on the firm's note to it, and provided that, in case of a deficiency of assets, appellant and D. should be paid *pro rata.* At the time of the assignment appellant held, as collateral to the firm's note, a note executed by D. to the firm for its accommodation. *Held*, that appellant was not entitled to a preference, in addition to the amount due on the firm's note, for the amount due by D. on the accommodation note.

Appeal from special term, New York county; LAWRENCE, Justice.

Action by Morris Rubens and others, creditors of S. H. Smith & Co., against Percy C. Drake, substituted assignee for the benefit of creditors of said firm, for an accounting and distribution. From a judgment entered on the report of a referee awarding the sum of $851.92 to Henry H. Crapo, executor of Abner H. Davis, deceased, the Ninth National Bank of the city of New York appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*John H. V. Arnold*, for appellant. *Pinney & Sterling*, (*Willis V. Sterling*, of counsel,) for appellee.

VAN BRUNT, P. J. The counsel in this case are to be commended in having presented the question at issue between them, without having it obscured by masses of evidence having no possible relevancy to the point involved. The facts appear to be as follows: S. H. Smith & Co. made an assignment for the benefit of creditors of the firm, by which they preferred one Abner H. Davis for all moneys due or to grow due from them, and the Ninth National Bank, the appellant herein, for the amount due or to become due on a note of said firm for $5,000, a part of the indebtedness of said firm to said bank; and said assignment further provided that, if the assets were not sufficient to pay these liabilities in full, then the said Davis and the bank should be paid *pro rata*. At the time of this assignment the bank held the said note of S. H. Smith & Co. for $5,000, and as collateral security also held a note of said Davis for $5,000, payable to the order of Smith & Co., and indorsed by them in blank; which note of Davis had been given by Davis to said Smith & Co. for their accommodation, and without having received any consideration therefor. The bank proved its claim upon the note of $5,000 of Smith & Co. before the assignee, and Davis proved his claim upon the contingent liability arising upon his accommodation note which the bank held as collateral. On June 30, 1887, Davis paid to the bank, on account of his said note held as collateral, the sum of $2,500 and interest, and gave to the bank a new note for $2,500, being the balance due on his old note of $5,000. In October, 1887, Davis died, and the respondent was appointed his administrator. This action was brought in November, 1887, by the plaintiffs, as creditors of Smith & Co., to enforce an accounting by the assignee, and by an interlocutory judgment, duly entered, it was referred to a referee to take and state the account of the assignee, and to ascertain and report the amount due to those creditors who should present their demands to the referee. Thereupon the administrator of Davis presented a claim for a preference on the sum of $2,500, and interest; being the amount paid by Davis to the bank on account of his accommodation note of $5,000 held by the bank as collateral to Smith's note. The bank made a claim for a preference upon $5,000. The administrator claimed that this sum should be reduced by the amount paid by Davis on account of his note. The referee reported that the administrator and the bank each had a claim of $2,500, for which they were entitled to a preference, and to this ruling an exception was duly filed, and upon motion overruled, and his report confirmed, and from the judgment and order thereupon entered this appeal is taken.

The appellant claims that it is entitled to the benefit of the preference contained in the assignment, not only of the Smith note, but to that contained in the assignment for the benefit of Davis, it holding the securities which were intended to be preferred, upon the principle that the bank was entitled to the benefit of all the security held by the surety, Davis, until its claim is paid in full. There can be no dispute as to the principle which controls the relations of the parties under the circumstances above stated, but it is in the application of these principles that the dispute arises. The assignors preferred Mr. Davis for moneys due and to grow due, and, if Mr. Davis had paid his note in full, there can be no doubt that he would have been entitled to a

·preference for the sum of $5,000, the amount paid by him, and the bank would have had no claim, as its whole debt would have been discharged. Under the facts of the case, Davis having paid $2,500 on account of his liability, the debt of the bank against the Smith estate was reduced to $2,500; the payment by Davis necessarily being credited both upon the Smith and the Davis note. Then we have the bank holding the Smith note, which has been preferred, upon which $2,500 is due, and as collateral Davis' note of $2,500, and Davis having a claim to a preference upon $2,500 actually paid, and upon $2,500, the contingent liability arising out of his note held by the bank. Neither Davis nor his estate has paid the balance due upon his note, and, as Davis was preferred by the assignment for the sums of money due or to grow due from Smith & Co., he is entitled to a preference upon only that sum, which he will be compelled to pay. The bank, however, claims the benefit of the preference to Davis, because they hold Davis' note, and are entitled to all the rights that Davis would have to a preference; and our attention is called to cases which have held that, where notes are preferred in an assignment, any person who may be the holder of the notes is entitled to the benefit of the preference, and also to cases which hold that in case of insolvency the creditor is entitled to prove and receive a dividend upon his whole claim against all parties held for the debt until he is paid in full. Neither of these principles is applicable to the case at bar. · The Davis note was not preferred, as nothing could ever become due to Davis upon his note given to Smith. Davis was only preferred for any sums which Smith & Co. either did or should owe him. This preference, therefore, did not follow the note, but was simply a preference to Davis of the amount he should pay because thereof. No debt against Smith & Co. arises in Davis' favor, except as he pays his accommodation note, and no preference can attach until such debt arises. It follows, therefore, that, if Davis never paid his accommodation note, he would have no claim to a preference, because there would be nothing due from the assignors to him. He having, however, paid $2,500 on account thereof, that amount is due, and to such an amount he is preferred. The bank having a $5,000 note preferred, and having received from the collaterals $2,500 on account thereof, has only a claim to a preference to the balance due, viz., $2,500, and it still holds the Davis-note as collateral to the amount unpaid. The judgment and order appealed from should be affirmed, with costs.

DANIELS and BARTLETT, JJ., concur.